M. Lamadrid & Co., Sucrs., Demandantes y Apeladas, *v.*
Martorell, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan,
Sección 1ª., en pleito sobre cobro de dinero. Incidente
sobre nulidad de embargo.

No. 1860.—Resuelto en julio 7, 1919.

Embargos—Bienes Embargados.—No es por lo general razón suficiente para la
disolución de un auto de embargo el que los bienes sobre que se haya tra-
bado no están legalmente sujetos a embargo por virtud del auto.

Excusión en Bienes de la Sociedad—Bienes Particulares de Socios Colec-
tivos—Alegaciones Suficientes—Partes Demandadas.—Si el artículo 237
del Código de Comercio pudiera invocarse en un pleito establecido no sola-
mente contra la sociedad sino también directamente contra el socio que alega
el beneficio de excusión y en el cual se alega en la demanda jurada, no por
información y creencia sino como un hecho de conocimiento personal del de-
mandante, la descontinuación de los negocios, el cierre de puertas, la sustrac-
ción y ocultación de bienes y los infructuosos requerimientos hechos tanto a
la firma como al dicho socio, entonces, con tales alegaciones acompañadas de
una fianza buena y suficiente, se cumple sustancialmente *prima facie* con el
requisito de la excusión en el haber de la sociedad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Llorens Torres.*

Abogado de la apelada: *Sr. José de Guzmán Benítez.*

El Juez Asociado Sr. Hutchison, emitió la opinión del
tribunal.

Bienes pertenecientes a Miguel Martorell, uno de los
miembros y gestor de la mercantil Torres Martorell y Co.,
fueron embargados en un pleito iniciado contra Martorell
por una deuda contraída por la firma, que, según se ha ale-
gado, había cesado en sus negocios sin formalizar la liqui-
dación y sin anunciar la existencia de designado represen-
tante alguno.

Se declaró con lugar una excepción previa con permiso
para enmendar y se enmendó la demanda, alegándose la ce-
santía del negocio, la clausura del establecimiento y de sus
oficinas, sin notificación a los acreedores ni pagar sus deu-
das, la sustracción y ocultación de todos sus bienes y sin
constituirse en liquidación ni dejar a persona alguna encar-

gada de entenderse con dichos acreedores y contestar las reclamaciones de éstos, o arreglar, en forma alguna, los compromisos de la firma.

Enmendada por segunda vez la demanda se hizo a la mercantil parte demandada.

La mercantil fué declarada en rebeldía y Martòrell es quien apela contra una orden desestimando una moción para levantar y anular (*quash*) el embargo.

El apelante insiste en que habiéndose sostenido una excepción previa a la demanda original por la que se expidió el embargo, las subsiguientes demandas enmendadas no pueden servir de apoyo al mandamiento de embargo. A falta de citas de autoridades la cuestión así planteada no demanda detenida consideración.

La segunda proposición es la de que no pueden embargarse los bienes de un socio sin haber hecho previa excusión del activo de la firma.

La mayor parte del alegato del apelante ha sido dedicada al esfuerzo que se ha hecho para demostrar que el artículo 237 del Código de Comercio es de aplicación tanto a procedimientos de embargo como a los de ejecución; y para los fines de esta opinión, puede admitirse ese punto, si se entendiese la proposición que significa, en un caso como el presente, una razonable aplicación del principio envuelto. Pero, en vista de especiales disposiciones del Código de Enjuiciamiento Civil así como de su espíritu, la cuestión de lo que habrá de satisfacer los requisitos estatutorios referentes a la excusión de bienes de la firma en uno u otro caso es una cuestión distinta.

En el caso de *Rodríguez* v. *Ramírez*, 19 D. P. R. 462, sobre el que se hace mucho hincapié, la sociedad que contrajo la deuda no fué nunca parte en el pleito. En el caso resuelto por la Corte Suprema de España en 13 de junio de 1883, tomo 52 Jur. Civ., pág. 257, en el que también se funda la apelante, se trataba de un pleito contra una sociedad, cuya

existencia misma había sido negada por su supuesto socio, y al parecer nunca la probó la parte demandante. El individuo cuyos bienes fueron secuestrados mediante procedimientos ejecutivos contra la supuesta sociedad, y quien intervino como dueño, negó toda conexión con la firma; y en la apelación indicó, bajo el único motivo considerado por el tribunal de apelación, que aun por el contrario nunca se le hizo parte en el procedimiento, y que la compañía tenía bienes con que responder. Que el Tribunal Supremo de España fué grandemente influído por estas circunstancias es ciertamente evidente por los términos que emplea al revocar la sentencia recurrida; a saber:

"Considerando que resultan del debate y de los autos como hechos indubitados que son de la propiedad particular del recurrente D. Pablo Alvarez los 200 bocoyes de azúcar embargados al mismo a instancia de la razón social J. Luis Gutierrez y Compañía en la ejecución despachada contra la de Goitía y Compañía por obligaciones que ésta contrajo; que dichos bienes no se incluyeron en la formación de esta sociedad, cuya existencia legal no consta por escritura pública ni de otro modo, y que no se ha hecho excusión en forma en el haber de la misma; y, por consiguiente, faltando como faltan los requisitos que la disposición legal antes citada exige para que puedan ser ejecutados los bienes particulares de los socios por obligaciones de la sociedad, es improcedente el embargo de que se trata aunque se reconozca como cierta la existencia material de la sociedad ejecutada, y que Alvarez era socio colectivo de la misma, según lo estima probado la sala sentenciadora apreciando en conjunto los diferentes medios de prueba aducidos al pleito por una y otra parte." 52 Jur. Civ. págs. 262–263.

El otro caso citado por el apelante está publicado en 28 Jur. Civil 688. En ese caso, por virtud de un mandamiento de ejecución contra la sociedad demandada, se trabó embargo en una maquinaria de la compañía demandada y en bienes personales de uno de los miembros de la firma social, quien, desde luego, intervino como dueño de tales bienes personales, alegando que los bienes de la firma así secuestrados eran suficiente garantía de la reclamación, y que los bienes de

·uno de los miembros no estaban sujetos a responsabilidad
por las obligaciones de la sociedad mientras fuese ésta sol-
vente.   El demandante en la acción original, por vía de de-
fensa a la demanda de intervención, contestó que no pudo
hallarse comprador para la maquinaria aún en su tasado
valor, y que la compañía demandada carecía de otros bienes.
El interventor recurrente en casación contra la sentencia
que en su contra se dictó se fundó en los artículos 267 y
352 del anterior Código de Comercio, correspondiente a los
artículos 127 y 237 del Código actual, insistiendo en que
no se había hecho la excusión del haber de la sociedad en
la forma prescrita por la ley y consagrada por la doctrina y
la jurisprudencia.

El Tribunal Supremo de España al confirmar la sen-
tencia recurrida declaró:

"* * *   que, conforme a lo dispuesto en el art. 267 del Código
de Comercio, en la sociedad mercantil colectiva todos los socios, sean
o no administradores del caudal social, están obligados solidariamente
a las resultas de las operaciones que se hagan a nombre y por cuenta
de la sociedad, aun cuando para que los bienes particulares de los
socios puedan ser ejecutados debe antes haberse hecho excusión en
el haber de la misma, según el artículo 352 del referido código.

"* * *   que constando como consta que D. José María Llano
fué uno de los socios colectivos de la sociedad *Peñuela, Llano y Com-
pañía;* que los bienes de ésta embargados para el pago del crédito
de D. Luis Ortiz y demás responsabilidades a él consiguientes no son
bastantes para satisfacerlas, y que no existen otros suficientes y dis-
ponibles en la referida sociedad, según así lo ha estimado la sala
sentenciadora, en uso de sus atribuciones, es evidente que la senten-
cia dictada en 31 de mayo de 1872 por la sala segunda de lo civil
de esta villa no ha infringido por consiguiente las disposiciones antes
citadas."   28 Jur. Civ. 690.

Aparentemente la sentencia así confirmada está fundada
en las alegaciones que sin más parece reunir los requisitos,
sean cuales fueren, "prescritos por la ley y consagrados por
la doctrina y la jurisprudencia."

La excusión, en tanto cuanto a fiadores se refiere, consiste de (la bastardilla es nuestra): "Un procedimiento *por parte de un fiador* por la cual una finca del deudor principal responde de la obligación antes de que pueda recurrirse contra los fiadores; esto es lo que se conoce por *beneficio de excusión.*" Bouvier, Volumen 1, de su diccionario, página 581.

El artículo 237 es una limitación de la regla general enunciada en el artículo 127 que hace responsables solidaria y mancomunadamente a todos los socios con todos sus bienes por las deudas contraídas por la firma.

"*Agere etiam es videtur, que exceptione utitur, nam reus in exceptione actor est.* (Dig., Libro XLIV, tít. 1, ley 1ª.) Scaevola, Código Civil, 2°. apéndice, p. 290.

"El beneficio de excusión establecido en favor de los terceros poseedores exige como condición indispensable que el título en virtud del cual poseen sea legítimo y bastante, y que el deudor o primer obligado tenga bienes." 7 Jur. Civ. 212.

"Teniendo por objeto el beneficio de excusión, el hacer constar si tiene o no bienes suficientes el obligado principalmente para responder de la obligación que contrajo, es innecesario aquel trámite cuando constaba en autos que la sociedad obligada era insolvente." 53 Jur. Civ. 312.

El artículo 1111 del código anterior disponía que, después de haberse perseguido los bienes del deudor para realizar el importe de la deuda, los acreedores podían ejercitar todos los derechos y causas de acción del deudor con el mismo fin. En un caso resuelto por sentencia de 23 de junio de 1903, tomo 95 Jur. Civ. 989, el Tribunal Supremo de España dijo que esa condición suspensiva no exigía procedimiento preliminar alguno para demostrar que el deudor carecía de bienes, puesto que podía aducirse prueba en este sentido en el acto del juicio de la acción entablada contra un tercero por el acreedor en el ejercicio de ese derecho.

De igual modo, en el caso que dió origen a la sentencia

de 12 de junio de 1892, tomo VI Jur. Civ. pág. 799, el propio tribunal declaró:

"Que el embargo, sin prejuzgar derechos discutibles oportunamente, es el medio legal que garantiza el cumplimiento de una obligación, según la naturaleza y efectos de ésta."

"No es por lo general razón suficiente para la disolución de un auto de embargo el que los bienes sobre que se haya trabado no estén legalmente sujetos a embargo por virtud del auto." 6 Corpus Juris. 541, (Sec. 1001, C).

Si el artículo 237 del Código de Comercio pudiera invocarse en un pleito establecido no solamente contra la sociedad sino también directamente contra el socio que alega el beneficio de excusión y en el cual se alega en la demanda jurada, no por información y creencia sino como un hecho de conocimiento personal del demandante, la discontinuación de los negocios, el cierre de puertas, la sustracción y ocultación de bienes y los infructuosos requerimientos hechos tanto a la firma como al dicho socio, entonces creemos que con tal alegación acompañada de una fianza buena y suficiente se cumple sustancialmente *prima facie* con el requisito de la excusión en el haber de la sociedad.

Véase también el caso del *Royal Bank of Canada* v. *A. McCormick & Co. y Muñoz*, resuelto en mayo 29 de 1919, (pág. 414).

Ciertamente este aspecto de la cuestión no hace más gravosa la situación del socio, que responde solidaria y mancomunadamente de las deudas de la sociedad, de lo que la ley exige del fiador, que, si bien su obligación no es de tal alcance, si deseara "aprovecharse del beneficio de que sean embargados los bienes del deudor principal," será su deber señalar bienes sujetos a embargo para su venta que pertenezcan al dicho deudor principal.

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.